IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

QUINDRE JACKSON,                    )
                                    )
            Plaintiff,              )
v.                                  )        CASE NO. 3:19-CV-637-RAH-SRW
                                    )
DEBORAH HILL BIGGERS et al.,        )
                                    )
            Defendants.             )

## REPORT AND RECOMMENDATION[1]

This matter is before the court on plaintiff's amended complaint. *Pro se* plaintiff Quindre Jackson filed this action against defendants Deborah Hill Biggers, Melody Ridings Baldwin, Bakari Bascomb, and Blair Sistrunk on September 3, 2019. Doc. 1. On October 16, 2019, the court granted Jackson's application for leave to proceed *in forma pauperis* and ordered the clerk to defer service of process on the defendants until further notice, pending preliminary review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) to ensure that plaintiff's complaint is not "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). On April 13, 2020, the undersigned ordered plaintiff to file an amended complaint (Doc. 5) and plaintiff filed an

---

[1] United States District Judge Andrew L. Brasher referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636. *See* Doc. 3. Thereafter, the case was reassigned to United States District Judge R. Austin Huffaker. *See* Doc. 8.

amended complaint on April 30, 2020 (Doc. 6).[2] However, the amended complaint, even construed liberally, does not state a claim upon which relief may be granted.

### 1.    Pleading Requirements

"*Pro se* pleadings are held to a less stringent standard" and will be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). As noted in this court's prior order, a review of the sufficiency of plaintiff's complaint for the purposes of 28 U.S.C. § 1915(e) begins with an analysis of whether it meets the pleading standards applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010). Plaintiff's complaint must comply with Rule 8, which requires a plaintiff to file a "short and plain" statement showing that he is entitled to relief, Fed. R. Civ. P. 8(a), and Rule 10, which requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10. In order to satisfy the Rule 8(a) requirement, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). For a claim to be factually plausible, the facts alleged must "permit the court to reasonably infer that the

---

[2] Plaintiff's amended complaint was filed on April 30, 2020, despite the court's instruction to file the amended complaint by April 27, 2020.

2

defendant's alleged misconduct was unlawful." *Urquilla-Diaz*, 780 F.3d at 1051 (citing

*Iqbal*, 556 U.S. at 678). There must be a factual and legal basis for each claim, and these

must be clearly and concisely stated in the amended complaint.[3]

### 2.   **Prior Order to Amend**

Based on the allegations in plaintiff's initial complaint, the court entered an order

explaining that 42 U.S.C. § 1983 provides a method for vindicating federal rights, and that

to state a claim for relief under § 1983, plaintiff "'must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law.'" Doc. 5 at 4 (citing

*West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citations omitted); *Harvey v. Harvey*, 949

F.2d 1127, 1130 (11th Cir. 1992)). The order said that "'[a] person acts under color of state

---

[3] Rule 11 provides in part:

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *See id.*

law when he acts with authority possessed by virtue of his employment with the State'"
and that "'[i]t is firmly established that a defendant in a § 1983 suit acts under color of law
when he abuses the position given to him by the State.'" Doc. 5 at 5 (citing *Griffin v. City
of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing *Almand v. DeKalb Cty.,
Georgia*, 103 F.3d 1510, 1513 (11th Cir.), *cert. denied*, 522 U.S. 966 (1997); *United States
v. Classic*, 313 U.S. 299, 326 (1941))). The order also outlined the requirements for
plaintiff to bring claims under the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth
Amendments, as well as claims related to supervisory liability. Doc. 5 at 5-13. The court
also addressed claims under Title 18, sections 241 and 242, and under a regulation
promulgated under Title IV-D of the Social Security Act. *Id.* at 13-14.

The order also instructed plaintiff to file an amended complaint that complies with
Rules 8 and 10 of the Federal Rules of Civil Procedure; sets forth the specific constitutional
or statutorily protected rights that allegedly were violated by defendants' actions; alleges
facts about each defendant's conduct, identifying which specific action(s) resulted in the
alleged violation(s) by each defendant; includes clear factual allegations that show plaintiff
is entitled to relief under federal law; and clearly indicates which specific factual
allegation(s) provide support for each claim. The order cautioned that once the complaint
was amended, plaintiff would not be permitted to rely upon or to incorporate his prior
pleadings by reference. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210,
1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original
pleading is abandoned by the amendment, and is no longer a part of the pleader's averments
against his adversary." (internal citation omitted)). Plaintiff was also warned that failure to

submit an amended complaint in compliance with the court's order may result in a recommendation that this matter be dismissed. Doc. 5 at 14-15.

### 3. Plaintiff's Amended Complaint

Plaintiff alleges two claims in his amended complaint: a denial of due process related to his arrest and detention for three days, and false imprisonment in connection with the same. *See* Doc. 6 at 2-3. The amended complaint alleges that plaintiff was arrested by defendant Miller pursuant to a warrant, that he was denied due process because he never received a court summons, that an unsigned summons was delivered to his neighbor, that he received a fraudulent order for child support, and that defendants Biggers, Baldwin, and Bascomb re-opened plaintiff's child support case for financial gain. *See id.* at 6. Plaintiff alleges that Biggers "has violated her oath of office to uphold the United States Constitution," and that she "will not give [plaintiff] a fair trial due to her interest and incentive received in the case[.]" *Id.* Plaintiff also alleges that Biggers "knowingly committed fraud as she knowingly has been administering in a capacity which she does not have jurisdiction, delegation of authority, or judicial powers delegated from the legislature." *Id.* at 7. Plaintiff makes reference to Title IV-D (a part of the federal Social Security Act relating to child support) and the Fifth and Fourteenth Amendments, and cites three cases: *Thompson v. Smith*, 155 Va. 367 (Va. 1930), a case from the Virginia Supreme Court concerning the delegation of legislative power to a police chief; *Am. Iron & Steel Inst. v. EPA*, 568 F.2d 284 (3d Cir. 1977), a case from the United States Court of Appeals for the Third Circuit concerning agency rulemaking; and *Burns v. Superior Ct. of San Francisco*, 140 Cal. 1 (Cal. 1903), a case from the Supreme Court of California concerning

5

the state court's power to punish for contempt a witness who failed to appear at a deposition pursuant to a subpoena. The amended complaint demands dismissal of a warrant, dismissal of plaintiff's child support case, discharge of all debt related to his child support case, and $33,000 in compensatory damages and $13,000 in punitive damages from each of defendants Biggers, Baldwin, Bascomb, Sistrunk, and Miller. *Id.* Although the amended complaint names the Macon County Sheriff's Department as a defendant, *id.* at 2, plaintiff does not allege any specific facts related to that defendant or a make a specific claim for relief against it.

Plaintiff's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and is therefore an impermissible "shotgun pleading" which "fails . . . to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Despite the court's admonition that failure to submit an amended complaint that complied with this court's order may result in a recommendation of dismissal, plaintiff did not file an amended complaint which meets the pleading requirements outlined by this court. The court cannot address claims that are not expressly pled in accordance with the Federal Rules of Civil Procedure – in this instance, Rules 8, 10, and 11. The amended complaint, even liberally construed, does not state a claim upon which relief may be granted. Accordingly, plaintiff's amended complaint against these defendants is due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Thus, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that **on or before October 16, 2020**, Plaintiff may file an objection to this Report and Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this 1st day of October, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge